| | |
|---|---|
| 1 | WEINSTEIN & RILEY, P.S.<br>Jerome A. Yelsky – SBN 75240<br>Of Counsel<br>12100 Wilshire Blvd, Suite 1100<br>Los Angeles, CA 90025 |
| 2 | |
| 3 | |
| 4 | Telephone: 310-820-6529<br>Facsimile: 310-826-2321 |
| 5 | Attorneys for Plaintiff |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>Laverne Fay Sinconis,<br><br>Debtor(s). | Chapter 7<br><br>Bankruptcy No. 11-50435 CN<br><br>Adversary Case No. 11-05100 CN<br><br>NOTICE OF PRODUCTION OF DOCUMENTS |
| Chase Bank USA, N.A.<br><br>Plaintiff,<br>vs.<br><br>Laverne Fay Sinconis,<br><br>Defendant(s). | DATE: 10/11/2011<br><br>TIME: 2:00 pm<br><br>CTRM: 3070 |

DEMANDING PARTY: Plaintiff, Chase Bank USA, N.A.
RESPONDING PARTY: Defendant(s)/Debtor(s) Laverne Fay Sinconis,

Demand is hereby made, pursuant to Bankruptcy Rule 7034 and Federal Rules of Civil Procedure 34, that Defendant(s) Laverne Fay Sinconis produce and permit inspection and copying of the documents described below. The place of inspection shall be at the Law Offices of Weinstein & Riley, P.S., 12100 Wilshire Boulevard, Suite 1100, Los Angeles, California 90025. The time for such inspection shall be TIME: 2:00 pm on DATE: 10/11/2011.

Plaintiff will accept photocopies of original documents in lieu of an appearance received by this office via U.S. Mail on or before the date indicated hereinabove.

1. Any and all documentation verifying payments made on loans or installment purchases of goods or services to any creditor identified on Schedule F commencing 180 days prior to the filing of the Chapter 7 Petition.

2. All personal and/or commercial checking and/or money market account bank statements for the period of time 180 days preceding the actual filing of the Chapter 7 petition.

DATED: October 4, 2011        WEINSTEIN & RILEY, P.S.

By: _____
Jerome A. Yelsky, Of Counsel
Attorneys for Plaintiff

**PROOF OF SERVICE BY MAIL**

STATE OF NEW YORK      )
                       )
COUNTY OF NEW YORK     )

I am a resident and employed in the County of New York, State of New York and am over the age of eighteen years and not a party to the within action. My business address is 14 Penn Plaza, Suite 1300, New York, NY 10122.

On _____9/29_____, 2011, I served the foregoing **NOTICE OF PRODUCTION OF DOCUMENTS** in this action by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at New York, New York, addressed as follows:

Laverne Fay Sinconis
3171 Shuler Circle
Marina, CA 93933

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at New York, NY.

I declare under penalty of perjury under the law of the State of New York, that the foregoing is true and correct.

Executed on _____9/29_____, 2011, at New York, NY.

Jennifer Ventura

```
 1  WEINSTEIN & RILEY, P.S.
    Jerome A. Yelsky – SBN 75240
 2  Of Counsel
    12100 Wilshire Blvd, Suite 1100
 3  Los Angeles, CA 90025

 4  Telephone:  310-820-6529
    Facsimile:   310-826-2321
 5

 6  Attorneys for Plaintiff

 7
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In Re:<br><br>Laverne Sinconis,<br><br>           Debtor(s). | Chapter 7<br><br>Bankruptcy No. 11-50435 CN<br><br>Adversary Case No. 11-05100 CN<br><br>REQUESTS FOR ADMISSION |
|---|---|
| Chase Bank USA, N.A.<br><br>           Plaintiff,<br>vs.<br>Laverne Sinconis,<br><br>           Defendant(s). | DATE: 10/11/2011<br><br>TIME: 2:00 pm<br><br>CTRM: 3070 |

DEMANDING PARTY:          Plaintiff Chase Bank USA, N.A.,

RESPONDING PARTY:        Debtor(s)/Defendant(s) 10 Sinconis,

      Plaintiff Chase Bank USA, N.A., herein requests that Debtor(s)/Defendant(s) 10 Sinconis hereby admit(s) to the truthfulness of each of the facts set forth below, under oath within thirty-five (35) days from the date of service pursuant to Bankruptcy Rule 7036 and Federal Rules of Civil Procedure 36.

      The pronoun "you" or "your" refers to the party to whom these Requests for Admission are addressed, plus those person(s) listed herein above.

Requests for Admission - 1

**PLEASE TAKE NOTICE THAT:** the matters shall be deemed admitted, unless, within 35 days after service of the Request, you serve upon the Plaintiff's counsel a written Answer or Objection.

A. Admit or deny the following.

1. Admit that you opened or authorized the opening of the account identified in the Complaint.

2. Admit that you made, authorized, or allowed another to make the transactions shown on the attached account statements.

3. Admit that you agreed to comply with the terms and conditions of the account agreement for this account.

4. Admit that the terms and conditions of the account agreement calls for the payment of attorney fees and all costs expended in the collection of the account.

5. Admit that you used your card in the transactions identified in the Complaint.

6. Admit that any transactions which were not made by you, were made with your knowledge and authorization.

7. Admit that you contemplated filing for bankruptcy prior to the charging activity identified in the Complaint.

8. Admit that your total monthly expenses for each of the twelve (12) months immediately preceding the date you filed your Bankruptcy Petition were the same as the amount you listed in Schedule J.

9. Admit that at the time you made the transactions identified in the complaint, you did not intend to make the payment(s) as required by the account agreement.

10. Admit that at the time you made the transactions identified in the complaint, you did not have the financial ability to repay them as they became due, as required under the terms of the account agreement.

11. Admit that by making the transactions identified on the complaint, you represented or impliedly represented to Plaintiff that you had the intent and financial ability to repay the amount as required by the account agreement.

Requests for Admission - 2

12. Admit that by making the transactions identified on the complaint, you represented or impliedly represented to Plaintiff that you had the intent and financial ability to repay the amount as required by the account agreement.

13. Admit that you do not dispute that Plaintiff justifiably relied on your representations of your intent and ability to repay the charges you incurred.

14. Admit that the charges at issue were incurred through false pretenses, false representation or actual fraud.

B. Admit that each of the following documents, attached to this Request, are genuine:

1. Monthly account statements Plaintiff mailed to you, copies of which are attached hereto as Exhibit "A".

Dated: October 4, 2011                WEINSTEIN & RILEY, P.S.


By: /s/ Jerome A. Yelsky
Jerome A. Yelsky, Of Counsel
Attorneys for Plaintiff

Requests for Admission - 3

PROOF OF SERVICE BY MAIL

STATE OF NEW YORK        )
                         )
COUNTY OF NEW YORK       )

I am a resident and employed in the County of New York, State of New York and am over the age of eighteen years and not a party to the within action. My business address is 14 Penn Plaza, Suite 1300, New York, NY 10122.

On _____9/29_____, 2011, I served the foregoing **REQUESTS FOR ADMISSION** in this action by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at New York, New York, addressed as follows:

Laverne Fay Sinconis
3171 Shuler Circle
Marina, CA 93933

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at New York, New York.

I declare under penalty of perjury under the law of the State of New York, that the foregoing is true and correct.

Executed on _____9/29_____, 2011, at New York, NY.

Jennifer Ventura

Requests for Admission - 4

WEINSTEIN & RILEY, P.S.
Jerome A. Yelsky – SBN 75240
Of Counsel
12100 Wilshire Blvd, Suite 1100
Los Angeles, CA 90025

Telephone: 310-820-6529
Facsimile: 310-826-2321
Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Laverne Fay Sinconis,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy No. 11-50435 CN<br><br>Adversary Case No. 11-05100 CN<br><br>INTERROGATORIES |
| Chase Bank USA, N.A.<br><br>Plaintiff,<br>vs.<br>Laverne Fay Sinconis,<br><br>Defendant. | |

DEMANDING PARTY:     Plaintiff Chase Bank USA, N.A.

RESPONDING PARTY:    Defendant/Debtor Laverne Fay Sinconis,

Plaintiff Chase Bank USA, N.A., herein requests that Defendant Laverne Fay Sinconis answer the following Interrogatories, Set No. 1, under oath within thirty-five (35) days from the date of service pursuant to Bankruptcy Rule 7033 and Federal Rules of Civil Procedure 33.

## INSTRUCTIONS

These Interrogatories are continuing in nature so as to require supplemental answers should further or different information be obtained prior to trial or hearing.

Where the name or identity of a person is requested, please state such person's full name, home address and business address, if known.

Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint To Determine Dischargeability.

Where knowledge or information of a party is requested, such request includes knowledge of such party's agent(s), representative(s) and, unless privileged, his/her attorney(s).

The pronoun "you" or "your" refers to the party to whom these Interrogatories are addressed, plus those person(s) listed herein above.

INTERROGATORY NUMBER 1:

If your total monthly income from all sources during any of the twelve months immediately preceding the filing of your Bankruptcy Petition differed from the monthly income stated in Schedule I, describe all such differences.

INTERROGATORY NUMBER 2:

As compared with the monthly income stated in Schedule I, describe any anticipated but unrealized income you expected to receive in the twelve month period immediately preceding the filing of your Bankruptcy Petition, the source(s) thereof, and the basis upon which you anticipated the additional income.

INTERROGATORY NUMBER 3:

If your total monthly expenses during any of the twelve months immediately preceding the filing of your Bankruptcy Petition differed from the expenses stated in Schedule J, describe all such differences.

INTERROGATORY NUMBER 4:

As compared with the assets shown on Schedules A and B, identify and describe any change (increase or decrease) in your asset (value and ownership interest) in each of the twelve months immediately preceding the filing of your Bankruptcy Petition.

INTERROGATORY NUMBER 5:

State the date you first met with the attorney representing you in this bankruptcy case, the date(s) you paid him for services rendered in connection with your Chapter 7 petition, and the source of funds used to make such payment(s).

**INTERROGATORY NUMBER 6:**

Other than the attorney currently representing you in this bankruptcy case, identify any person(s) or entity you contacted concerning debt, collection efforts of creditors, credit counseling or bankruptcy in the twelve month period immediately preceding your bankruptcy filing, and indicate the date(s) of each such contract.

**INTERROGATORY NUMBER 7:**

Identify each person you intend to refer to at trial and/or call as a witness at trial to offer testimony on your behalf, and identify the subject matter and general substance of the expected testimony of each.

**INTERROGATORY NUMBER 8:**

Identify each document and exhibit you intend to introduce or refer to at trial in support of your defense of this adversary proceeding.

**INTERROGATORY NUMBER 9:**

If you have responded to any of Plaintiff's Request for Admissions served upon you simultaneously with these Interrogatories with anything other than an unqualified admission, state separately by the number of each Request for Admission to which a denial was given, the factual basis for the denial of that Request, and identify all persons who have personal knowledge of the facts supporting each denial.

**INTERROGATORY NUMBER 10:**

Describe any interruption or change in your employment status during the twelve month period immediately preceding the filing of your Bankruptcy Petition, the names of your employer(s) during that twelve month period, and your current employment status.

**INTERROGATORY NUMBER 11:**

For each charge listed on Exhibit "A", what source of funds did you intend to use to repay the debt?

**INTERROGATORY NUMBER 12:**

What circumstances necessitated your Chapter 7 bankruptcy filing?

**INTERROGATORY NUMBER 13:**

Describe all occurrences in the twelve month period immediately preceding your bankruptcy filing which affected your ability to repay your debts as they became due.

**INTERROGATORY NUMBER 14:**

If you deny that the copies of the monthly activity statements which are attached hereto as Exhibit "A" are true and accurate compilations of the charges which you incurred on or about the dates which are reflected on the statements, describe each matter which you believe to be inaccurate.

**INTERROGATORY NUMBER 15:**

For each unsecured nonpriority debt listed on Schedule F that is credit, charge or line of credit debt, identify the credit limit, the account was opened, and the date and amount of the last payment made on each account.

**INTERROGATORY NUMBER 16:**

Describe the circumstances that prevented you from being able to repay Plaintiff the amount of the charges identified in the complaint.

**INTERROGATORY NUMBER 17:**

Assuming you intended to repay Plaintiff the amount of the charges identified in the complaint, what led you to believe that you would be able to do so at the time the charges were incurred?

**INTERROGATORY NUMBER 18:**

To the best of your ability, describe all contacts with creditors, creditors' agents and/or bill collectors in the twelve month period immediately preceding your bankruptcy filing in connection with past due and/or delinquent credit, charge or line of credit accounts.

**INTERROGATORY NUMBER 19:**

For each credit, charge or line of credit account from which you obtained cash advances during the twelve month period immediately preceding the filing of your Bankruptcy Petition, list the account number, date, amount, and use of the funds obtained through each cash advance.

**INTERROGATORY NUMBER 20:**

Identify all credit, charge, or line of credit account(s) for which you had available credit prior to making, the charges identified in Exhibit "A".

**INTERROGATORY NUMBER 21:**

Identify each check issued by you in the twelve month period immediately preceding he filing of your Bankruptcy Petition which was returned for insufficient funds, including the name of your bank, account number, payee, date of check, and the date the check was returned.

**INTERROGATORY NUMBER 22:**

Explain the reason for your denial, in your Answer to Plaintiff's Complaint, of the amount of your unsecured debt listed in Schedule F of your Bankruptcy Petition, which was completed and signed under oath.

**INTERROGATORY NUMBER 23:**

For each charge listed on Exhibit "A", identify each item of merchandise, entertainment, service or travel acquired by date of purchase, item purchased, price and reason for purchase.

**INTERROGATORY NUMBER 24:**

For each item identified in response to the previous Interrogatory, do you still have it, and if not, how did you dispose of it; if you gave it away or sold it, state the name and address of the person to whom you gave or sold it, their relationship to you, the date you gave or sole it to them, why you gave or sold it to them, and the amount you received if you sold it.

**INTERROGATORY NUMBER 25:**

Please describe in detail all the facts and law explaining the basis for all affirmative defenses.

DATED: October 4, 2011  WEINSTEIN & RILEY, P.S.

By: _____
Jerome A. Yelsky, Of Counsel
Attorneys for Plaintiff

## PROOF OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             )
COUNTY OF NEW YORK           )

I am a resident and employed in the County of New York, State of New York and am over the age of eighteen years and not a party to the within action. My business address is 14 Penn Plaza, Suite 1300, New York, NY 10122..

On October 4, 2011 I served the foregoing **INTERROGATORIES** in this action by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at New York, New York, addressed as follows:

Laverne Fay Sinconis
3171 Shuler Circle
Marina, CA 93933

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at New York, New York.

I declare under penalty of perjury under the law of the State of New York, that the foregoing is true and correct.

Executed on October 4, 2011, at New York, New York.

_____
Jennifer Ventura